UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH ANTHONY BARRETT,<br><br>    Plaintiff,<br><br>    v.<br><br>BRUMFIELD, et al.,<br><br>    Defendants. | Case No. 21-cv-06802-HSG<br><br>**ORDER OF PARTIAL SERVICE** |

Plaintiff, an inmate at San Quentin State Prison ("SQSP"), has filed a *pro se* action pursuant to 42 U.S.C. § 1983. His complaint is now before the Court for review under 28 U.S.C. § 1915A. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Complaint**

The complaint names the following PBSP correctional officers as defendants: public information officer lieutenant S. Robinson; A/C sergeant Adamik; A/C floor officer Del Rosario; A/C first tier officer Faaita; A/C officer Ramirez; A/C sergeant McClean; warden Davis; and current acting warden Broomfield.

The complaint makes the following allegations.

On December 23, 2018, Plaintiff was extracted from his cell by defendants McClean, Faaita, Del Rosario, and Ramirez, under the supervision of defendants Robinson and Adamik. During the cell extraction, Plaintiff was beaten on the head with a baton and punched by one or more of the officers who conducted the extraction. While Plaintiff was on the ground, one of the correctional officers deliberately dislocated Plaintiff's arm. The defendants conducting the extraction intentionally left Plaintiff with the following injuries: dislocated left elbow, broken left wrist, scalp injuries requiring 10 staples to close, and other less serious injuries. Subsequent to the extraction, Plaintiff was treated at Marin County General Hospital. Upon his return to prison, he was housed in a crisis bed in the prison's psychiatric ward and subsequently involuntarily committed. Defendants conspired to conceal the truth by claiming that Plaintiff assaulted them during the extraction, and filed a police report against Plaintiff. *See generally* Dkt. No. 1.

Defendant Davis was aware of these events via the prison's use of force procedures. When Plaintiff personally informed defendant Davis of these events, defendant Davis told him to "write

2

it up." Plaintiff filed a grievance as instructed but no action was taken in response. Defendant Davis was responsible for overseeing cell extraction procedures which allow cell extractions "to be performed arbitrarily without genuine necessity" and which do not require that "emergency" cell extractions be filmed; was responsible for investigating and disciplining the staff involved in this cell extraction; and is the custodian of the records concerning San Quentin procedures. The current warden, defendant Broomfield, has continued the same problematic cell extraction procedures.

**C.     Legal Claims**

Liberally construed, the complaint states a cognizable claim for use of excessive force in violation of the Eighth Amendment against defendants McClean, Faaita, Del Rosario, and Ramirez. *See generally Wilkins v. Gaddy*, 559 U.S. 34, 34 (2010) (allegation that force applied maliciously and sadistically to cause harm sufficient to state Eighth Amendment excessive force claim) (citing *Hudson v. McMillian*, 503 U.S. 1, 7, 9 (1992)). The complaint's allegation that defendants Robinson and Adamik supervised the cell extraction does not state a cognizable claim for use of excessive force because they did not apply the force, but does state a cognizable claim for deliberate indifference to inmate safety. The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The failure of prison officials to protect inmates from dangerous conditions at prison violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. *Id*. at 834. A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. *Id.* at 837.

However, the complaint fails to state an Eighth Amendment claim against defendants Davis and Broomfield. As a general matter, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability under 42 U.S.C. § 1983. *Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001) (prison supervisory official entitled to summary judgment on Eighth Amendment excessive for claim arising out of injuries sustained by prisoner-plaintiff in riot

because official had no direct involvement or direct management responsibility for quelling riot). A supervisor may be liable under Section 1983 only if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's conduct and the constitutional violation. *Id.*

With respect to defendant Broomfield, Plaintiff has alleged that defendant Davis was SQSP warden at the time of the relevant events, and that defendant Broomfield later succeeded defendant Davis as warden. Defendant Broomfield cannot be liable for events that happened before he became a supervisor. The Eighth Amendment claim against defendant Broomfield, whether based on deliberate indifference to inmate safety or use of excessive force, is therefore DISMISSED with prejudice because Plaintiff could not truthfully cure this deficiency without contradicting the allegations in the original complaint. *See Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990) (in determining whether amendment would be futile, court examines whether amending complaint could cure defects requiring dismissal without contradicting allegations in original complaint). Defendant Broomfield is DISMISSED from this action with prejudice.

With respect to defendant Davis, the excessive force claim fails as a matter of law because defendant Davis did not apply the force. The complaint also fails to state a deliberate indifference to inmate safety claim because it fails to adequately allege a casual connection between defendant Davis's actions and the alleged constitutional violation. Defendant Davis's alleged failures to act (failing to act on Plaintiff's grievance and failing to investigate Plaintiff's allegations by saying "write it up") took place after the cell extraction. Because these alleged actions took place after the cell extraction, they cannot establish liability for deliberate indifference to inmate safety. The allegations that the use of excessive force was caused by prison policy that did not require cell extractions to be "necessary" or require cell extractions to be filmed are too conclusory and vague to allege a causal connection. It is unclear how requiring cell extractions to be necessary or filmed would have prevented the alleged use of excessive force in this cell extraction. Because it appears possible that this deficiency could be cured by amendment, the Court DISMISSES the Eighth Amendment deliberate indifference to safety claim against defendant Davis with leave to amend,

4

if Plaintiff can truthfully do so. *See Schmitt v. Kaiser Found. Health Plan of Washington*, 965 F.3d 945, 960 (9th Cir. 2020) ("'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts'") (citing *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000)).

## CONCLUSION

For the foregoing reasons, the Court orders as follows.

1.  The following defendant(s) shall be served: San Quentin State Prison officers McClean (A/C 2nd Floor Post No. 32113), Faaita (A/C First Tier Post No. 32111), Del Rosario (A/C Floor Officer Post No. 321151), Ramirez (A/C Officer Post No. 120327), Adamik (A/C Sergeant Post # 320311), and S. Robinson.

Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's ("CDCR") e-service program for civil rights cases from prisoners in the CDCR's custody. In accordance with the program, the Clerk is directed to serve on the CDCR via email the following documents: the operative complaint (Dkt. No. 1), this order of service, a CDCR Report of E-Service Waiver form and a summons. The Clerk also shall serve a copy of this order on the Plaintiff.

No later than 40 days after service of this order via email on the CDCR, the CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service ("USMS") and which defendant(s) decline to waive service or could not be reached. The CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The Clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service. The Clerk also shall provide to the USMS a copy of the CDCR Report of E-

Service Waiver.

2. The Eighth Amendment claims against defendant Broomfield are DISMISSED with prejudice. The Clerk shall terminate defendant Broomfield from this action.

3. The Eighth Amendment deliberate indifference to safety claim against defendant Davis is DISMISSED with leave to amend. If Plaintiff wishes to pursue his claim against defendant Davis, he shall file an amended complaint within **twenty-eight (28) days** of the date of this order. The amended complaint must include the caption and civil case number used in this order, Case No. C 21-06802 HSG (PR) and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. An amended complaint completely replaces the previous complaints. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012). Accordingly, Plaintiff must include in his amended complaint all the claims he wishes to present, including the claim found cognizable in this order, and all of the defendants he wishes to sue, including the defendant(s) ordered served above. Plaintiff may not incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order in the time provided will result in dismissal of defendant Davis from this action without further notice to Plaintiff, and the complaint docketed at Dkt. No. 1 remaining the operative complaint. The Clerk shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

4. The complaint states a cognizable Eighth Amendment excessive force claim against defendants SQSP officers Del Rosario, Faaita, Ramirez, and McClean; and a cognizable Eighth Amendment deliberate indifference to inmate safety claim against defendants SQSP officers Robinson and Adamik.

5. In order to expedite the resolution of this case, the Court orders as follows:

   a. No later than 91 days from the date this order is filed, Defendants must file and serve a motion for summary judgment or other dispositive motion. If Defendants are of the opinion that this case cannot be resolved by summary judgment, Defendants must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a *Rand* notice so that Plaintiff will have fair, timely, and adequate notice of what

is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).[1]

    b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendants no later than 28 days from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

    c. Defendants shall file a reply brief no later than 14 days after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

    6. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A). (The *Rand* notice above does

---

[1] If Defendants assert that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion).

not excuse Defendant's obligation to serve said notice again concurrently with a motion for summary judgment. *Woods*, 684 F.3d at 939).

7. All communications by Plaintiff with the Court must be served on Defendants' counsel by mailing a true copy of the document to Defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until Defendants' counsel has been designated, Plaintiff may mail a true copy of the document directly to Defendants, but once Defendants are represented by counsel, all documents must be mailed to counsel rather than directly to Defendants.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

9. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

10. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated: 9/23/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge